UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS ZHININ, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the*
*Class*

                         Plaintiff,          24 Civ. 288 (JLR) (GS)

         -against-                   **ORDER**

SISTINA RESTAURANT INC.,
CARAVAGGIO, INC., and
GUIESEPPE BRUNO,

                        Defendants.
-------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      Plaintiff Luis Zhinin, a former busboy at the restaurant Sistina on East 81st Street in Manhattan, asserts claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants, who operate Sistina as well as Caravaggio, another Italian restaurant on the Upper East Side. (Dkt. No. 1 ("Complaint" or "Compl.")). Although he seeks to represent a class of similarly situated employees for a six-year period at both Sistina and Caravaggio, Plaintiff worked only at Sistina, and for only approximately five months, from May to October 2023. (*Id.* ¶¶ 20, 29). Plaintiff has not yet filed a motion for conditional certification of a collective action under the FLSA or for class certification under Fed. R. Civ. P. 23.

      By letter dated October 20, 2024, Plaintiff brought to the Court's attention discovery disputes that had arisen between the parties concerning Plaintiff's requests for class document discovery, class contact information, and e-discovery.

(Dkt. No. 24). Defendants responded by letter dated November 4, 2024 (Dkt. No. 25), and Plaintiff provided a status update on November 18, 2024, in advance of a video discovery conference held on November 20, 2024. (Dkt. No. 28).

At the discovery conference on November 20, 2024, Defendants agreed to provide additional information regarding the number of "front of house" employees who worked at Sistina during the relevant period. The parties were directed to meet and confer in a further effort to resolve or narrow the scope of their disputes and provide the Court with a status update by November 27, 2024. (*See* Docket Entry for November 20, 2024). The parties' November 27 update reports that none of the disputes have been resolved and raises an additional dispute relating to depositions. (Dkt. No. 31).

This Order constitutes the Court's ruling on all pending discovery disputes.

Class Document Discovery

The parties agree that Defendants should provide wage-related documents for a representative sampling of similarly situated employees, but disagree as to the scope of that discovery. Such discovery has often been ordered in FLSA/NYLL cases even where, as here, no collective or class has yet been certified. *See Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880 (JHR), 2023 WL 4405804, at *4 (S.D.N.Y. July 7, 2023) ("Courts frequently permit pre-certification discovery of similar compensation and hour documents on the basis that such materials are relevant to class certification of wage and hour claims.").

Having considered the parties' arguments, the Court agrees that, as proposed by Plaintiff (and not objected to by Defendants), Defendants should first provide a list of the approximately 90 current or former non-exempt busboys, hosts, waiters, and other front-of-house employees who worked at Sistina[1] from 2021 to 2024. (*See* Dkt. No. 31 at 1). This list should include each employee's (1) name and (if applicable) identification number; (2) job title; and (3) period of employment. *See Vilella v. Pup Culture LLC*, No. 23 Civ. 2291 (LJL), 2023 WL 6318168, at *1 (S.D.N.Y. Sept. 28, 2023) (approving request for similar information). Defendants shall provide this list within two weeks of this Order, or by December 17, 2024.

From this list Plaintiff shall select 14 employees, or approximately 15% of the total, and a time period of no greater than six months for each employee. For those 14 employees, Defendants shall provide the following records for the chosen six-month period: paystubs, punch records, wage notices, and wage statements. *See Vilella*, 2023 WL 6318168, at *1 (requiring production of records including paystubs and punch records for three-month period for larger number of sampled employees).

In the November 27 letter, Plaintiff also requests that Defendants produce "employee handbooks." (Dkt. No. 31 at 1). This request did not appear in Plaintiff's October 30 letter and Plaintiff does not specify what sort of employee handbooks he

---

[1] At the November 20 conference, the Court rejected Plaintiff's request to expand the scope of the class-related discovery to the Caravaggio restaurant. Plaintiff never worked at Caravaggio (*see* Compl. ¶ 7) and has presented no evidence, at this juncture, that the same practices challenged in this suit were followed at Caravaggio.

3

is seeking or over what time period. Moreover, it is unclear from the parties' letter whether or when Plaintiff made a discovery request for these handbooks and whether Defendants have refused to produce them. The Court therefore declines to order production of employee handbooks at this juncture.

Class Contact Information

Plaintiff also requests that Defendants provide contact information for all prospective class members. (Dkt. No. 31 at 2). However, courts in this Circuit "'have proved very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage.'" *Vilella*, 2023 WL 6318168, at *2 (quoting *Beaton v. Verizon N.Y., Inc.*, No. 20 Civ. 672 (BMC), 2020 WL 6449235, at *2-3 (E.D.N.Y. Nov. 3, 2020)); *see also Hegazy*, 2023 WL 4405804, at *5; *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 491-92 (S.D.N.Y. 2016). Plaintiff has not made a showing at this time that discovery of such information is necessary for him to satisfy Rule 23's class certification requirements. *See Vilella*, 2023 WL 6318168, at *2 ("prevailing view in this District" denies pre-certification contact information absent showing of need).

E-Discovery

Plaintiff's October 30 letter complained that Defendants had refused to produce hit reports for the search terms and custodians suggested by Plaintiff for e-discovery. (Dkt. No. 24 at 3). Defendants responded by itemizing Plaintiff's search terms and complaining that those search terms are "overly burdensome," without specifying how or why. (Dkt. No. 25 at 2-3). At the November 20 conference, the

Court advised Defendants of its view that if they take the position that Plaintiff's demands are overly burdensome, they will need to produce hit reports to substantiate that position.[2] At the same time, the Court noted that several of Plaintiff's proposed search terms appeared to be overly broad. With that guidance, the Court anticipated that the parties would meet and confer in a good-faith effort to resolve their differences.

Unfortunately, based on the parties' November 27 letter, it appears no progress has been made. Plaintiffs do not indicate they have narrowed their search terms in any way. Defendants do not indicate they have agreed to provide hit reports or have run any searches. Instead, defense counsel states he is "determining whether the defendants have the internal capacity to perform these types of searches or whether outside assistance is required," and requests an extension, to January 15, 2025, of Defendants' time to respond to Plaintiff's "voluminous discovery requests." (Dkt. No. 31 at 3).

Defendants' request for an extension of time to January 15, 2025 is rejected. Although the precise date is unclear, it appears Plaintiff's demand for e-discovery has been pending since mid-October 2024. (Dkt. No. 24 at 1). Yet, more than a

---

[2] *See In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2020 WL 4034751, at *1 (S.D.N.Y. Mar. 30, 2020) ("As part of the negotiation process over search terms, the defendants must provide the plaintiff with the hit counts for searches run with proposed terms—regardless of whether the defendants believe the terms are proper. . . . The effort to arrive at appropriate search terms must be part of a collaborative process in which the defendants must provide to plaintiff the maximum information possible. If the defendants are not sufficiently forthcoming, the result may be that the Court finds that defendants have waived any possible arguments regarding the burdensomeness of reviewing documents generated by search terms.").

month later, Defendants have not only failed to run any searches responsive to that demand (or provide hit counts), but they have also still not determined *how* to run those searches. This suggests a degree of inattention to their discovery obligations that cannot continue. Defendants cannot simply dismiss Plaintiff's discovery demands as "burdensome" or "voluminous" without doing the work necessary to substantiate those assertions and/or engage meaningfully in negotiations with Plaintiff to narrow the scope of Plaintiff's demands.

Accordingly, Defendants are directed to conduct electronic searches and provide hit reports to Plaintiff as promptly as possible. The parties are both directed to continue to meet and confer regarding the e-discovery issue. If the parties' dispute over e-discovery is not resolved within three weeks, or by December 24, 2024, Plaintiff may file a motion to compel on or after that date or, alternatively, Defendants may move for a protective order pursuant to Fed. R. Civ. P. 26(c). For the avoidance of doubt, the Court is making no finding concerning the propriety of Plaintiff's demands (which it has not seen) and, as indicated at the November 20 conference, expects Plaintiff to be reasonable in tailoring the scope of his demands, consistent with Fed. R. Civ. P. 26(b)(1), including with respect to search terms, custodians, and time period.[3]

---

[3] With regard to time period, the Court notes that Plaintiff only worked for Defendants for five months.

<u>Deposition Scheduling</u>

In the November 27 letter, Plaintiff makes an additional request: that the Court "compel Defendants to propose deposition dates by Friday, December 6, 2024." (Dkt. No. 31 at 3). The Court denies this request. Under the Civil Case Management Plan and Scheduling Order entered by Judge Rochon, the deadline for depositions (as well as all fact discovery) is March 12, 2025. (Dkt. No. 23 at 2). While Plaintiff claims that Defendants have so far failed to cooperate in setting a schedule for depositions, the Court will not insert itself into the parties' discussions. Plaintiff may serve deposition notices if it wishes to compel Defendants' representatives to appear on a date certain for deposition. The Court further notes that "it may be advisable for Plaintiff to wait until" the outstanding questions over document discovery are resolved before deposing witnesses. *Thompson v. Glob. Contact Servs. LLC*, No. 20 Civ. 651 (MKB) (SJB), 2021 WL 1103029, at *3 (E.D.N.Y. Feb. 16, 2021).

The Clerk of Court is respectfully requested to terminate the motion at Dkt. No. 31.

**SO ORDERED.**

DATED:   December 3, 2024
         New York, New York

_____
The Honorable Gary Stein
United States Magistrate Judge